UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:24-cv-00153-MR

| DENVER W. BLEVINS, | ) |
|---|---|
| Petitioner, | ) |
| vs. | ) ORDER |
| TIMOTHY MAYNOR, et al., | ) |
| Respondents. | ) |

**THIS MATTER** is before the Court on Petitioner's "Declaration And Objections To The Order Entered on July 31, 2024 by the U.S. District Court Judge Martin Reidinger Dismissing Petitioners § 2241 Petition" [Doc. 5 (errors uncorrected)], which the Court construes as a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

Petitioner Denver W. Blevins ("Petitioner") is a prisoner of the State of North Carolina, currently incarcerated at Catawba Correctional Center (CCC) in Newton, North Carolina. He was sentenced in the Superior Court of Randolph County, North Carolina, in 1994 to a life sentence on conviction for first-degree rape, burglary, and kidnapping. He has been incarcerated since that time. [See Doc. 1 at 1; North Carolina Department of Adult

Correction (NCDAC) Offender Public Information website].

In 1998, Petitioner began challenging his state court conviction in federal court, beginning with a petition for relief under 28 U.S.C. § 2254. [Civil Case No. 1:98-cv-00383-NCT (M.D.N.C.), Doc. 2]. After numerous subsequent attempts to revisit his 1994 convictions and/or subsequent parole eligibility calculations, on June 24, 2024, Petitioner filed another petition pursuant to 28 U.S.C. § 2241.[1] [Doc. 1]. Noting that Petitioner "rehashes the same issues and arguments he raised in his previous dismissed actions, including the previous such petition that was transferred to this Court," the Court denied and dismissed it "for the same reasons as his previous petition."[2] [Doc. 3 at 7].

Now pending is Petitioner's motion to alter or amend judgment under Rule 59(e), in which he objects to the Court's Order dismissing this most recent § 2241 petition. [Doc. 5]. As grounds, Petitioner claims that the Court violated his Fifth and Fourteenth Amendment rights that "guarantee[ ] the

---

[1] Rather than again recite the relevant history and procedural background, the Court herein incorporates by reference the initial review Order about which Petitioner now complains. [See Doc. 3].

[2] The Court also admonished Petitioner that, to the extent he seeks relief under 42 U.S.C. § 1983, as a "three-striker" under § 1915(g), he must pay the full filing fee, and to the extent he seeks relief under § 2254, he failed to obtain authorization from the Fourth Circuit for a second or successive habeas petition. [Doc. 3 at 7].

petitioner access to the courts, due process, and equal protection of the law" and rulings in an Eleventh Circuit case,[3] by dismissing his petition "without reviewing or commenting on the issues and claims set forth [therein]." [Id. at 1-2]. Petitioner then proceeds to repeat arguments from the dismissed petition. [See id. at 3-7]. For relief, Petitioner asks the Court to "do a complete review" of the petition and to order that "the Expost Facto Violations be ordered stoped and corrected" and that "the False evidence and Falsified records that is being used to calculate petitioners parole date, and deny petitioner parole be ordered removed and expunged from petitioner prison record." [Id. at 8 (errors uncorrected)].

Regarding motions to alter or amend a judgment under Rule 59(e), the Fourth Circuit Court of Appeals has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been

---

[3] Fernandez v. United States, 941 F.2d 1488 (11th Cir. 1991).

3

made before the judgment was entered." Id. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

Petitioner has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. That is, Petitioner's motion does not present evidence that was unavailable when he filed his Petition, nor does his motion stem from an intervening change in the applicable law. Furthermore, Petitioner has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice to him. See Hill, 277 F.3d at 708. Rather, Petitioner makes the same arguments he has now made several times before this and other courts. The Court is not obliged to expend its resources expressly analyzing and addressing Petitioner's same claims and arguments *ad infinitum*.

The Court will, therefore, deny Plaintiff's motion.

# **ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Declaration And Objections To The Order Entered on July 31, 2024 by the U.S. District Court Judge Martin Reidinger Dismissing Petitioners § 2241 Petition" [Doc. 5] is **DENIED**.

**IT IS SO ORDERED**.

Signed: August 28, 2024

Martin Reidinger
Chief United States District Judge